UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-22 RONALD HATMAKER,

    Defendant.
    _____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**OPINION ADDRESSING RELEVANT CONDUCT FOR THE PURPOSE OF CALCULATING BASE OFFENSE LEVEL FOR COUNT 2 RICO CONSPIRACY TO WHICH DEFENDANT HATMAKER PLEADED GUILTY**

On March 25, 2010, Defendant Hatmaker pleaded guilty to Count Two of the Second Superseding Indictment in this criminal matter alleging a conspiracy to participate in the affairs of an interstate enterprise through a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962(d). Under the signed Rule 11 agreement, the parties agreed to disagree concerning the applicable statutory maximum and sentencing guidelines on Count Two. This matter is now before the Court in connection with Defendant Hatmaker's sentencing, and the Court has reviewed the briefs filed by Defendant Hatmaker [Doc. No. 1732] and the government [Doc. No. 1737] concerning the relevant conduct the Court should consider when calculating the base offense level for the RICO conspiracy count to which Defendant Hatmaker pleaded guilty.

The Court adopts here that portion of its January 14, 2011 Opinion addressing relevant conduct disputes in Co-Defendant Aref Nagi's Case [Doc. No. 1723] discussing

the applicable burdens of proof, legal principles, and relevant facts concerning the RICO conspiracy charged in Count Two of the Second Superseding Indictment. It observes that Defendant Hatmaker pleaded guilty to Count Two, conspiracy to violate RICO laws, 18 U.S.C. § 1963(d), and that Count Two specifically incorporated all of the racketeering acts enumerated in Count One by charging that Defendant "conducted and participated, directly and indirectly, in the conduct of the affairs of the enterprise, through a pattern of racketeering activity, that is, through the commission of Racketeering Acts One through Thirteen as set forth in Count One . . . ." (Second Superseding Indictment.) The Court further observes, as it did in its earlier January 14, 2011 Opinion, that:

> Relevant conduct includes, in pertinent part: (1) "all acts or omissions" that the defendant "committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused"; and (2) "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity," that occurred during, in preparation for, or in the course of attempting to avoid detection or responsibility for the RICO conspiracy."

*United States v. Tocco*, 306 F.3d 279, 286 (6th Cir. 2002) (quoting USSG § 1B1.3(a)(1)(A) & (B)).

In making its relevant conduct determination, the Court relies on Defendant Hatmaker's testimony at his guilty plea [Doc. No. 1368] where he admitted that he personally committed Racketeering Act Three (Barton extortion) and knew of and condoned Racketeering Acts Nine (Burton/Peters drug conspiracy after 2002) and Eleven (Nagi/Ball Jr. drug conspiracy). It also relies on the evidence presented at Co-Defendant trials showing that Defendant Hatmaker was a leader of the Highwaymen enterprise during a time of significant criminal misconduct and was actively involved in the murder conspiracy

2

of Doug Burnett. (*See, e.g.,* Trial Tr. Vol. 12, C. Miller at 34-37; Trial Tr. Vol. 19, P. McDonald at 38-39.)

Defendant Hatmaker was the Detroit Chapter President from November 2005 until at least early fall 2006. Multiple witnesses testified that the Detroit Chapter is the mother chapter of the Highwaymen and that its President is the number two ranking official position within the club. Chris Miller testified that it was Defendant Hatmaker who told members of the Highwaymen to find the "rat" Doug Burnett and that Defendant Hatmaker met privately with Co-Defendants Dad Moore and Joe Whiting to discuss the presence of snitches in the club. Chris Miller also testified that Defendant Hatmaker personally confronted him and asked him whether he was an informant and threatened that, if he was, he would end up in a dumpster. (*See* Trial Tr. Vol. 12, C. Miller at 36, 38, 42-43, 49.)

Considering Defendant Hatmaker's testimony at his guilty plea [Doc. No. 1368] and the above trial evidence, the conspiracy to murder Doug Burnett (Racketeering Act 12); the Barton extortion (Racketeering Act 3), the Burton/Peters drug conspiracy (Racketeering Act 9), and the Nagi/Ball Jr. drug conspiracy (Racketeering Act 11) constitute relevant conduct for purposes of calculating Defendant Hatmaker's base offense level for the RICO conspiracy to which he pleaded guilty.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: July 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 12, 2012, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager